NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCISCO M., | : | |
| | : | Civil Action No. 20-2176 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| THOMAS DECKER, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge.**

This matter has come before the Court on the Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 filed by Petitioner Francisco M. ECF No. 8. Although Petitioner's habeas petition was originally filed in the Southern District of New York, this matter was transferred to this Court on February 27, 2020. ECF No. 6. Petitioner then filed his amended petition. ECF No. 8. Petitioner thereafter filed the currently pending motion for an expedited briefing schedule and request for immediate release.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court is required to review Petitioner's amended petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner presents several claims – first, a claim that the requirement that immigration detainees hold the burden of proof at their bond hearings pursuant to 8 U.S.C. §

1226(a) violates Due Process, a claim that that requirement runs afoul of Due Process in Petitioner's specific case as he is subject to a special immigrant status that provides greater than usual protections, and a claim challenging the legitimacy of the burden of proof requirement under the Administrative Procedure Act.  Petitioner's first claim, however, entirely ignores the ruling of the Third Circuit decision in *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, (3d Cir. 2018), in which the Third Circuit held that the requirement that aliens in § 1226(a) bond hearings bear the burden of proof comported with Due Process, § 1236(a), and the statute's implementing regulations.  *Borbot* thus forecloses the general argument that it is unconstitutional to require aliens to bear the burden of proof in § 1226(a) bond hearings.  Because *Borbot* does not explicitly address the interaction between § 1226(a) and Petitioner's special immigrant status, nor the validity of the requirement under the Administrative Procedures Act, however, this Court will direct the Government to respond to Petitioner's amended petition.  An additional issue arises, however, out of the fact that Petitioner in this matter seeks to package a core habeas challenge – his argument that the burden of proof being placed on him violates his rights in light of his special immigrant status – with an APA claim which under normal circumstances would not be brought as a habeas claim.  Because it is not clear that Petitioner can pursue his APA claim through a habeas petition, the parties shall be directed to expressly address that claim in their briefs in this matter.

      In addition to his petition, however, Petitioner also seeks an expedited briefing schedule and his "immediate release" which he believes is warranted under *Lucas v. Hadden*, 790 F.2d 365 (3d Cir. 1986).  As the Government has consented to an expedited briefing schedule, this Court will direct the parties to brief this matter in quicker fashion than usually applicable to immigration habeas proceedings.  As this Court is requiring the parties to address the additional issue discussed

above, however, this Court will require the parties to respond pursuant to the briefing schedule contained in this order.

Turning finally to Petitioner's immediate release request, this Court finds *Hadden* largely inapplicable to Petitioner's case. On its face, *Hadden* permitted a court faced with a state convict's habeas petition which challenged his criminal conviction to grant the convict bail while the habeas petition was pending where the petitioner establishes "that exceptional circumstances exist warranting special treatment." *Id.* at 367-68. While the Third Circuit has found that serious health issues requiring hospital treatment can be an exceptional circumstance, the Court of Appeals left open the possibility that other such circumstances exist. *Id.* On its face, *Hadden* does not expressly apply to immigration detainees. Unlike a state criminal habeas petitioner, an immigration detainee not subject to a final order of removal would generally not be entitled to release upon the success of his petition, instead the proper relief for pre-final order immigration detainees is a proper bond hearing which comports with Due Process. *See, e.g., Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015); *Marroquin v. Green*, No. , 2017 WL 4516467, at *2 (where § 1226(a) detainee shows he was denied Due Process in his bond hearing, the only proper relief is a new bond hearing, district courts have no jurisdiction to overrule the denial of a bond absent such a showing). Petitioner thus requests greater relief than that to which he would normally be entitled – release rather than a bond hearing – and thus even if *Hadden* does apply to immigration detainees it is doubtful it would provide Petitioner the release he seeks.

Ultimately, however, Petitioner has not shown an exceptional circumstance under *Hadden*. Although he expresses his fear of the coronavirus which is presently afflicting the United States, two cases of which have occurred at the jail in which he is housed, Petitioner himself does not allege that he has contracted or been directly exposed to the virus, and his fears of contracting it at

this point are speculative. Petitioner's alleged depression, a perhaps natural result of being detained even where that detention is entirely lawful, likewise is not the sort of serious medical issue which the Third Circuit has found to warrant bail for state prisoners who are seeking habeas relief. *Hadden* therefore does not stand for the proposition that Petitioner should be immediately released even assuming *arguendo* it applies to immigration detainees, a finding this Court does not and need not make. Petitioner's request for immediate release is denied without prejudice.

**IT IS THEREFORE** on this 25th day of March, 2020,

**ORDERED** that Petitioner's request for an expedited briefing schedule (ECF No. 10) is **GRANTED** in part; and it is further

**ORDERED** that Petitioner's motion seeking his immediate release (ECF No. 10) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Respondents Thomas Decker, Chad Wolf, and William P. Barr are dismissed with prejudice from this matter as the sole proper respondent in an immigration habeas matter brought pursuant to § 2241 is the warden of the facility in which the alien is currently detained, in this case remaining Respondent Ronald P. Edwards, *see Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); and it is further

**ORDERED** that the Clerk shall serve copies of the Amended Petition and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Amended Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 10 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the petition within 7 days after the answer is filed; and it is further

**ORDERED** that within 7 days after any change in Petitioner's custody or immigration status, including but not limited to release, deportation, issuance of a final order of removal, or any subsequent grant of stay, Respondent shall electronically file a written notice of the same with the Clerk; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner electronically.

_____
Claire C. Cecchi, U.S.D.J.